

1  Jason Giesy 23702031
2  Federal Correctional Institute 2
   Post Office Box 3850
3  Adelanto, California 92301

4          UNITED STATES DISTRICT COURT
5          CENTRAL DISTRICT OF CALIFORNIA

6  JASON GIESY,                )
7  v.             Plaintiff,   )   Case No. **CV15-06646** DMG (KLS)
8  ROBERT CAPPS,               )
9  CENTRAL STATES RECOVERY,    )
                Defendant.     )   **COMPLAINT**
10                             )



11 **A.**              **JURISDICTION**

12      1.    This is an action that alleges this court has federal

13 question jurisdiction over this action pursuant to 28 U.S.C. § 1332

14 because:

15 a.    The plaintiff is an individual residing in and a citizen of the

16 State of California;

17 b.    The defendant is a corporation organized and existing under the

18 laws of the State of Kansas with its principle place of business in

19 Hutchinson, KS;

20 c.    There is a complete diversity of citizenship between the plaintiff

21 and the defendant.

22 **B.**              **DEFINITIONS**

23      2.    The plaintiff, Jason Giesy is a "consumer" as defined

24 by 15 U.S.C. § 1692a(3), as " any natural person obligated or allegedly

25 obligated to pay any debt."

26      3.    The defendant, Central States Recovery is a "Debt Collector"

27 as defined by 15 U.S.C. § 1692a(6), as "any person who uses any

instrumentality of interstate commerce or the mails in any business the
principle purpose of which is the collection of any debts, or who
regularly collects or attempts to collect, directly or indirectly, any
debts owed or due to asserted to be owed or due to another."

C.                          STATEMENT OF THE CASE

4.      On June 10, 2015, The plaintiff obtained a copy of his
credit report from Equifax Information Services, Experian Information
Solutions and Trans Union LLC through www.equifax.com which revealed
that Central States Recovery ("Defendant") had placed an entry on
the plaintiffs credit report communicating that the plaintiff allegedly
had an account in default with the defendant in the amounts of:

| | | | | |
|---|---|---|---|---|
| a. | Creditor: Wichita Urology | Amount: $1,847 | Date:02/2013 |
| b. | Creditor: Knsas Imaging Cons. | Amount: $526 | Date:02/2013 |
| c. | Creditor: Knsas Imaging Cons. | Amount: $248 | Date:02/2013 |
| d. | Creditor: Emerg. Srvc. PA | Amount: $345 | Date:02/2013 |
| e. | Creditor: Wichita Radio Group | Amount: $81 | Date:02/2013 |
| f. | Creditor: Wichita Radio Group | Amount: $71 | Date:02/2013 |
| g. | Creditor: Emerg.Srvc.PA | Amount: $395 | Date:02/2013 |

See Exhibit A.

5.      The defendant took receipt of the plaintiffs "Consumer's
Private Notice of Administrative Remedy" and "Debt Collector
Disclosure Statement", Requesting the defendant validate the alleged
debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"),
15 U.S.C § 1692g(a) and 1692g(b), through certified mail receipt which is
numbered 7008 1830 0004 5034 5127. **See Exhibit B.** It should be noted
that the defendant refused to respond to the plaintiffs validation request.

6.      One June 10, 2015 The plaintiff sent to Central States

1   Recovery a "Debt Collector Disclosure Statement" which asked several

2   questions such as, (1) Name of the Debt Collector, (2) Address of Debt

3   Collector, (12) Did Debt Collector purchase this alleged account from

4   previous debt collectors? **See Exhibit D.**

5        7.    After multiple attempts to verify the assignment of debt,

6   executed contracts, and verifiable evidence, the defendant knowingly

7   continues to try and collect on a debt the the plaintiff said was

8   Unknown, Inaccurate, and/or Incomplete.

9        8.    Black's Law Dictionary Deluxe Ninth Edition defines

10  "Assignment" as the "Transfer of rights or peroperty".

11       9.    Black's Law Dictionary Deluze Ninth Edition defines

12  "Knowingly" as. "Deliberate; Conscious".

13  D.                          <u>CLAIM ONE</u>

14       10.   The plaintiff asserts that the defendant violated section

15  15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act

16  when the defendant reported to Equifax Information Services, Experian

17  Information Solutions, and Trans Union, LLC that the plaintiff is in

18  default with the defendant in the amounts of $1,847, $526, $248, $345,

19  $81, $71, and $395 through assignment from the original creditor.

20       11.   Question Nine (9) of the "Debt Collector Disclosure

21  Statement" asks, " Regarding this alleged account, if Debt Collector is

22  different from alleged Original Creditor, does Debt Collector have a bona

23  fide affidavit of assignment for entering into alleged original

24  contract between alleged Original Creditor and alleged Debtor?" The

25  defendant never responded to this question. **See Exhibit D.**

26       12.   The "CAVEAT" on page 3, Section 4(b)(I) of the " Notice of

27  Administrative Remedy" says, the " Debt Collector's failure in providing

1   respondent the requisite verification validating the above referenced

2   alleged debt within the requirements of law......debt collector tacitly

3   agrees that: (1) Debt Collector has no lawful, bona fide, verifiable

4   claim regarding the above referenced account." **See Exhibit C.**

5       13.    Tourgeman v. Collins Fin. Servs 755 F.3d 1119 states the

6   "false representation of the character, amount, or legal status of any

7   debt" is prohibited by the ("FDCPA"). The defendant intended to

8   manipulate the plaintiff by falsely representing the alleged debt even

9   though it was never assigned by the original creditor. By not responding,

10  the defendant agrees  that there was no lawful, bona fide, verifiable

11  claim against the plaintiff to collect a debt. The defendant   never

12  sent any proof of assignment of debt from the original creditor. This

13  was false in representation of the character, amount, and legal status

14  of debt.

15      14.    The plaintiff hereby seeks statutory damages in the amount

16  of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(2)(A)

17  made by the defendant.

18  E.                           CLAIM TWO

19      15.    The plaintiff asserts that the defendant violated section

20  15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when

21  the defendant communicated false information concerning the alleged

22  debts which the plaintiff never owed to the defendant. The defendant

23  communicated this information to Equifax Information Services, Experian

24  Information Solutions and Trans Union LLC which was false.

25      16.    Question thirty three (33) of the "Debt Collector

26  Disclosure Statement" asks, " Does there exist verifiable evidence of

27  an exchange of a benefit or detriment between debt collector and alleged

1    debtor?" The defendant never responded to this question. **See Exhibit D.**

2        17.    The "CAVEAT" on page 3, Section 4(b)(II) of the "Notice

3    of Administrative Remedy" says, "Debt Collector's failure in providing

4    respondent the requisite verification validating the above referenced

5    alleged debt within the requirement of law.....debt collector tacitly

6    agrees that: (II) Debt Collector waives all claims against the

7    respondent. **See Exhibit C.**

8        18.    Guerrero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir.

9    U.S. App LEXIS 20072) states, "Communicating or threatening to communicate

10   to any persons credit information which is known....to be false."

11       19.    By not responding to the "Debt Collector Disclosure

12   Statement" and the "Consumer's Private Notice of Administrative Remedy",

13   the debt collector agrees that there was never any evidence of an

14    exchange in benifit or detriment between the debt collector and the

15   plaintiff. Capital States Recovery failed to provide the plaintiff any

16   verification validating the debt and therefor waives all claims against

17   the respondent. The defendant communicated information to all three

18   credit reporting agencies which they knew was false.

19       20.    The plaintiff hereby seeks statutory damages in the amount

20   of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(8)

21    made by the defendant.

22   F.                          <u>CLAIM THREE</u>

23       21.    The plaintiff asserts that the defendant violated section

24   15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA")

25   when the defendant used false and deceptive means to collect debts from

26   the plaintiff. The original creditor had written off the alleged debt.

27       22.    Black's Law Dictionary Deluxe Ninth Edition defines

"Write-Off" as, "To transfer the entire balance (of an asset account) to an expense or loss account to reflect the asset's total loss of value." See Exhibit A.

23.   Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, " A debt collector violates [section 1692e(10)] if it' use[s]....a false representation or deceptive means to collect or attempt to collect any debts or to obtain information concerning a consumer' (a debt collectors representation that a debt is owed to it when in fact it is not, amounts to a misrepresentation barred by the "FDCPA".)

24.   By communicating false information to Equifax Information Services, Experian Information Solutions, and Trans Union LLC, the defendant attempted to take advantage of an unsophisticated consumer through deceptive means to collect a debt even though it was written off as a total loss by the original creditor.

25.   The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made by the defendant.

G.                          **CLAIM FOUR**

26.   The plaintiff asserts that the defendant violated section 15 U.S.C. 1692e(12) of the Fair Debt Collections Practices Act when the defendant communicated the false representation that the alleged accounts were   turned over to Central States Recovery for value. This was communicated to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

27.   Question nineteen (19) of the "Debt Collector Disclosure Statement" asks, " If the transfer rights regarding this alleged account

1 was by negotiation, was the alleged account taken for value?" **See Exhibit D.**

2     28. The "CAVEAT" on page 4, Line Item 7 states, "In the event

3 that the debt collector does not respond to this "NOTICE" within the

4 prescribed time limit for response and there has likewise been no request

5 for extension of time with good cause shown therein, then the debt

6 collector agrees that debt collector has submitted a fraudulent claim

7 against respondent, and respondent can file a law suit for costs, fees,

8 and injuries incurred defending against this fraudulent collection by

9 debt collector regarding the above referenced account." **See Exhibit C.**

10     29. Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dis. LEXIS

11 152712 (9th Cir.) states, "Section 1692e(12) prohibits the false

12 representation or implication that accounts have turned over to innocent

13 purchasers for value". When determining whether a misrepresentation

14 in a debt collection has been made, the court must apply the "least

15 sophisticated debtor" standard. The analysis is objective and "Takes into

16 account whether the "Least sophisticated debtor" would likely be

17 misled by a communication." (quoting Donohue v. Quick Collect Inc.,

18 592 F.3d 1027. 1030 (9th Cir.))

19     30. By not responding to the "NOTICE" nor showing good cause to

20 file a reasonable extension to answer the "Consumer's Private Notice

21 of Administrative Remedy" to the plaintiff, the defendant agrees that

22 they submitted a fraudulent claim allowing the plaintiff to file a law

23 suit in court for violating federal law. The alleged debts were not

24 taken for value which the plaintiff was falsely represented.

25     31. The plaintiff hereby seeks statutory damages in the amount

26 of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(12)

27 made by the defendant.

H.                          CLAIM FIVE

32.     The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the defendants unconscionable means to attempt to collect alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union LLC that Central State Recovery had obtained legal permission documented by a valid assignment that the plaintiff was now in default with debt owed to the defendant.

33.     Question twenty three (23) of the "Debt Collector Disclosure Statement" asks, "Has Debt Collector provided alleged Debtor with the requisite verification of the alleged debt as required by the Fair Debt Collection Practices Act?".

34.     Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fees, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law."

35.     The plaintiff requested verification of the alleged debt as required by the Fair Debt Collection Practices Act. The defendant attempted to get the plaintiff to pay monies allegedly owed to the defendant when in fact there was no evidence of  assignment nor proof that the debt was owed to Central States Recovery. The defendant used unfair means to collect on a debt they knew was not theirs. The defendant is in direct violation of this section.

36.    The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692f(1) made by the defendant.

I                              **CLAIM SIX**

37.    The plaintiff asserts that the defendant violated 15 U.S.C. § 1692g(b) of the Fair Debt Collections Practices Act when they refused to respond to the plaintiffs validation request. The defendant took receipt of the plaintiffs "Consumer's Private Notice of Administrative Remedy" and "Debt Collector Disclosure Statement" where the plaintiff requested that the defendant provide the original creditors name, address, proof of debt, proof of assignment,documents that gives Central States Recovery the legal right to pursue and report to the credit bureaus alleged debts associated with the plaintiff and more. The defendant took receipt of the plaintiffs request through certified mail receipt, which is attached as**"Exhibit B"**.

38.    Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion threof, until the debt collector obtains verification or judgment, or name and address of the original creditor is mailed to the consumer by the debt collector".

39.    The plaintiff was originally made aware of the defendant collecting on a debt when the plaintiffs credit report was pulled on June 10, 2015. By Central States Recovery refusing to communicate with

1  the plaintiff regarding the original creditor and the alleged assignment

2  or the documents granting the defendant the right to report to credit

3  reporting agencies that the defendant legally obtained the alleged debts,

4  The defendant is in violation of section 1692g(b).

5      40.   The plaintiff hereby seeks statutory damages in the amount

6  of $1,000.00 for each violation of 15 U.S.C. § 1692g(b) made by the

7  defendant.

8  J.                           **DAMAGES**

9      41.   15 U.S.C. § 1692 - Civil Liability - (a) Amount of Damages -

10 Except as otherwise prohibited by this section, any debt collector who

11 fails to comply with any provision of this title (15 USCS §§ 1692 et seq.)

12 with respect to any person liable to such person in the amount equal to

13 to the sum of:

14 (2)(A) in the case of any action by an individual, such additional

15 damages as the court may allow, but not exceeding $1,000.00.

16 K.                      **REQUESTED RELIEF**

17 CLAIM ONE: A violation of 15 U.S.C. § 1692e(2)(A) is $1,000.00 for each

18 of the seven (7) alleged debts for the false representation of debt

19 reported made by the defendant to Equifax Information Services, Experian

20 Informatoin Solutions, and Trans Union LLC.

21 **TOTAL DAMAGES:**                    + $21,000.00

22 CLAIM TWO:  A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is

23 $1,000.00 for each of the seven (7) alleged debts false information was

24 submitted by the defendant to Equifax Information Services, Experian

25 Information Solutions, and Trans Union LLC.

26 **TOTAL DAMAGES:**                    + $21,000.00

27 CLAIM THREE: A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is

$1,000.00 for each of the seven (7) alleged debts the defendant made by falsely communicating information to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

**TOTAL DAMAGES:**                                    + $21,000.00

**CLAIM FOUR:** A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for each of the seven (7) alleged debts made by the defendant for the false representation of information submitted to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

**TOTAL DAMAGES:**                                    + $21,000.00

**CLAIM FIVE:** A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00 for each of the seven (7) alleged debts made by the defendant for the unconscionable means used to collect debts from the plaintiff and submitted to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

**TOTAL DAMAGES:**                                    + $21,000.00

**CLAIM SIX:** A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00 for refusing to validate the alleged debt that the defendant reported to Equifax Information Services, Experian Information Solutions, and Trans Union LLC.

**TOTAL DAMAGES:**                                    + $1,000.00

42.    The total amount of damages request by the plaintiff is $106,350.00.

43.    The $350.00 added is for court costs associated witht this action.

1    I Jason Giesy, hereby declare under penalty of perjury in the

2    State of California, that the information stated above and any

3    attachments to this form is true and correct.

4

5    DATED:                              BY:

6                                        Jason Giesy

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT

# A

USE THIS Report

# EQUIFAX

Confirmation # 5161038858

**CREDIT FILE : June 10, 2015**

**Personal Identification Information** *(This section includes your name, current and previous addresses, and any other identifying information reported by your creditors)*

| | |
|---|---|
| Name On File: | Jason Giesy |
| Social Security #: | XXX-XX-9739      Date of Birth: September 27, 1983 |
| Current Address: | 3407 E Sunnybrook Ln, Wichita, KS 67210  Reported: 06/2015 |
| Previous Address(es): | 16171 W US Highway 54 Lot 138, Goddard, KS 67052  Reported: 05/2015 |
| | 141 N Elm St FL 2, Wichita, KS 67203  Reported: 05/2015 |
| | 9572 SW Eugene Rd, Augusta, KS 67010  Reported: 11/2013 |
| | 4244 S Hydraulic St Apt 810, Wichita, KS 67216  Reported: 05/2012 |
| | 605 N Volusia St, Wichita, KS 67214  Reported: 06/2015 |
| | 1613 Drollinger St, Wichita, KS 67218  Reported: 02/2011 |
| | 10026 E Boston St Apt 3, Wichita, KS 67207  Reported: 04/2014 |
| | 718 E 53rd St S, Wichita, KS 67216  Reported: 06/2015 |

Formerly Known As:     Jason Giesey

**Public Record Information** *(This section includes public record items obtained from local, state and federal courts.)*

Judgment Filed 12/2010; Sedgwick County District Court; Case or ID # : 10LM01718; Defendant - Giesy JASON; Amount - $575 ; Plaintiff - Galt Ventures Inc Speedy Cash; **Address** : 525 N MAIN ST WICHITA, KS 67203-3703 ; (316) 383-7311

Judgment Filed 03/2010; Sedgwick County District Court; Case or ID # : 10LM03149; Defendant - Giesy JASON S; Amount - $603 ; Plaintiff - Midland Funding LLC; **Address** : 525 N MAIN ST WICHITA, KS 67203-3703 ; (316) 383-7311

**Collection Agency Information** *(This section includes accounts that credit grantors have placed for collection with a collection agency.)*

Credit Systems; Collection Reported 06/2015; Assigned 10/2010; Creditor Class - Medical/Health Care; Client - Kansas Gas Service; Amount - $223 ; Status as of 06/2015 - Unpaid; Date of 1st Delinquency 09/2010; Balance as of 06/2015 - $223 ; Individual Account; Account # - 104540312; **Address** : POBox 1088  Arlington TX 76004-1088 ; (817) 640-1093

Procollect Inc; Collection Reported 05/2015; Assigned 05/2011; Creditor Class - Rental/Leasing; Client - Mt Carmel Village Apartments; Amount - $1,049 ; Status as of 05/2015 - Unpaid; Date of 1st Delinquency 01/2009; Balance as of 05/2015 - $1,049 ; Individual Account; Account # - 458883001972397; **Address** : 12170 Abrams Rd Ste 100  Dallas TX 75243-4579 ; (214) 341-7788

Central States Recovery; Collection Reported 08/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Wichita UROLOGY Group PA; Amount - $1,847 ; Status as of 08/2013 - Unpaid; Date of 1st Delinquency 02/2013; Balance as of 08/2013 - $1,847 ; Individual Account; Account # - 6506838; **Address** : 1314 N Main St  Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery; Collection Reported 08/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Kansas IMAGING Consultants; Amount - $526 ; Status as of 08/2013 - Unpaid; Date of 1st Delinquency 02/2013; Balance as of 08/2013 - $526 ; Individual Account; Account # - 6492588; **Address** : 1314 N Main St  Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery; Collection Reported 07/2013; Assigned 05/2013; Creditor Class - Medical/Health Care; Client - Kansas IMAGING Consultants; Amount - $248 ; Status as of 07/2013 - Unpaid; Date of 1st Delinquency 07/2013; Balance as of 07/2013 - $248 ; Individual Account; Account # - 6463865; **Address** : 1314 N Main St  Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery; Collection Reported 09/2011; Assigned 08/2011; Creditor Class - Medical/Health Care; Client - Emergency Services PA; Amount - $345 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 09/2011 - $345 ; Individual Account; Account # - 5780632; **Address** : 1314 N Main St  Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery; Collection Reported 08/2011; Assigned 07/2011; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount - $81 ; Status as of 08/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 08/2011 - $81 ; Individual Account; Account # - 5711553; **Address** : 1314 N Main St  Hutchinson KS 67501-4002 ; (620) 663-8811

( Continued On Next Page )

5161038858IVW-001960076-3550-3911-ASD

Please address all future correspondence to:

www.investigate.equifax.com
Equifax Information Services LLC
P.O. Box 105314
Atlanta GA 30348

(866) 238-6559
M - F 9:00am to 5:00pm in your time zone.

Central States Recovery; Collection Reported 07/2011; Assigned 10/2010; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount - $71 ; Status as of 07/2011 - Unpaid; Date of 1st Delinquency 05/2010; Balance as of 07/2011 - $71 ; Individual Account; Account # - 5441081T; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery; Collection Reported 12/2010; Assigned 11/2010; Creditor Class - Medical/Health Care; Client - Emergency Services P A; Amount - $395 ; Status as of 12/2010 - Unpaid; Date of 1st Delinquency 05/2010; Balance as of 12/2010 - $395 ; Individual Account; Account # - 5495865; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

## Credit Account Information
*(For your security, the last 4 digits of account number(s) have been replaced by "*")* **(This section includes open and closed accounts reported by credit grantors)**

## Account Column Title Descriptions:

| | |
|---|---|
| Account Number | - The Account number reported by credit grantor |
| Date Acct. Opened | - The Date that the credit grantor opened the account |
| High Credit | - The Highest Amount Charged |
| Credit Limit | - The Highest Amount Permitted |
| Terms Duration | - The Number of Installments or Payments |
| Terms Frequency | - The Scheduled Time Between Payments |
| Months Reviewed | - The Number of Months Reviewed |
| Activity Designator | - The Most Recent Account Activity |
| Creditor Class | - The Type of Company Reporting The Account |
| Date Reported | - Date of Last Reported Update |
| Balance Amount | - The Total Amount Owed as of the Date Reported |
| Status | - Condition of Account When Last Updated by Creditor or Otherwise |

| | |
|---|---|
| Amount Past Due | - The Amount Past Due as of the Date Reported |
| Date of Last Pay Amt | - The Date of Last Payment |
| Actual Pay Amt | - The Actual Amount of Last Payment |
| Sched Pay Amt | - The Requested Amount of Last Payment |
| Date of 1st Delinquency | - The Date of First Delinquency |
| Date of Last Actvty | - The Date of the Last Account Activity |
| Date Maj Delq Rptd | - The Date the 1st Major Delinquency Was Reported |
| Charge Off Amt | - The Amount Charged Off by Creditor |
| Deferred Pay Date | - The 1st Payment Due Date for Deferred Loans |
| Balloon Pay Amt | - The Amount of Final(Balloon) Payment |
| Balloon Pay Date | - The Date of Final(Balloon) Payment |
| Date Closed | - The Date the Account was Closed |

**Account History**

| Status Code Descriptions: | | | |
|---|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

**Capital One Bank USA Na** P.O. Box 85015 Richmond VA 23285-5015 ; (800) 955-7070

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 86236245607* | 06/01/2002 | $296 | $500 | | Monthly | 99 | | |

| Items As of Date Reported | Amount Past Due | Actual Paymt Amount | Scheduled Payment Amount | Date of Last Paymt | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Deferred Pay Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/06/2013 | | $9 | | 11/2004 | 11/2004 | | | | | | | 05/2008 |

**Balance Amount** $0

Status - Pays As Agreed; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Account Closed At Consumers Request; Closed or Paid Account/Zero Balance;

5161038858IVW-001960076-3550-3911-ASD

Continued On Next Page )

# EXHIBIT

# B

B

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Lee Richard_  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name)  C. Date of Delivery<br>_Richards_  12-9-15<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |

1. Article Addressed to:

CEO: Robert Capps
Central States Recovery
1314 North Main St.
Hutchinson, KS 67501

| 3. Service Type | |
|---|---|
| ☒ Certified Mail | ☐ Express Mail |
| ☐ Registered | ☐ Return Receipt for Merchandise |
| ☐ Insured Mail | ☐ C.O.D. |
| 4. Restricted Delivery? (Extra Fee) | ☐ Yes |

| 2. Article Number<br>(Transfer from service label) | 7008 1830 0004 5034 5127 |
|---|---|

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

# EXHIBIT

# C

<u>NOTICE</u>

<u>DATE:</u>06/10/2015

Jason Giesy
<u>(Consumer)</u>

Robert
CEO/President: Capps
Central State Recovery
<u>(Debt Collector)</u>

<u>Certified Mail Number</u>
#
<u>Social Security Number</u>
# 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

Account Numbers
1)6506838   5)5711553
2)6492588   6)5441081
3)6463865   7)5495863
4)5780632

<u>SUBJECT</u>: <u>Request for Validation of Debt, and Notice of Reservation of</u>
<u>Rights for initiating a Counter Claim against the Debt Collector's</u>
<u>official Bond.</u>

**Consumer's Private Notice of Administrative Remedy**

The private notice of administrative remedy demand is binding
upon every principle agent regarding the subject matter set forth
herein above.

<u>Written communication for Validation of alleged debt(s) pursuant</u>
<u>to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).</u>

It has come to my attention after reviewing a copy of my credit
report dated  06/10/2015    that your agency has communicated to
Equifax, Transunion or Experian that I owe ($)
1)$1,847.00 4)345 7)395
2)$526.00   5)81
3)$248.00   6)71
to your company. Please note that I consider your demand for money
a written communication from a debt collector. I now exercise my
rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation
of the alleged debt.

I have included with this notice for proof of debt also known as
a "DEBT COLLECTION  DISCLOSURE STATEMENT" for the legitimate purpose
of insuring that your agency's validation is executed in accordance
with the laws codified in TITLE 15 U.S.C. § 1692g and must be
completed in full by your agency and returned to me within thirty days 30

PAGE 1 of 5

of your agency's receipt.

### CAVEAT

1.    I am respectfully providing advance notice to your agency of the civil liabilities under TITLE 15 U.S.C. § 1692 for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.    Upon receipt of this NOTICE, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the FAIR DEBT COLLECTION PRACTICES ACT.

3.    If debt collector, such as by commission, omission, and other wise:

      (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.

      (b) Makes false representation of the character of herein above referenced alleged debt.

      (c) Makes false representation of the legal status of the herein above referenced alleged debt.

      (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the FAIR DEBT COLLECTION PRACTICES ACT.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.    Debt Collector is also hereby given Notice that:

**DISCLOSURE STATEMENT ATTACHED**

    (a) Debt Collector's unsubstantiated demand for payment. A
        a scheme to be delivered by mail may constitute mail fraud
        under the State and Federal Laws. (Debt Collector may wish
        to consult with a competent legal council before
        originating any further communication with respondent)

    (b) Debt Collector's failure in providing respondent the
        requisite Verification, Validating the above referenced
        alleged debt within the requirements of law as coded in the
        **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding
        laws of each state signifies that debt collector tacitly
        agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim
     regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III  Debt Collector tacitly agrees that Debt Collector will
     **compensate** respondent for al cost, fees, and expenses
     incurred in defending against this claim and any continued
     fraudulent collection attempts regarding the above referenced
     alleged account.

5.    This is also an attempt for determining the nature and basis
of a case or counterclaim against the debt collector, and any
information contained within debt collector's commission, omission,
and the like will be used for that purpose.

<u>THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A</u>

<u>COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:</u>

President/CEO: Robert Capps
Central States Recovery
<u>NAME OF COMPANY OR BOND HOLDER</u>

★★★CAVEAT★★★

7.     In the event that the debt collector does not respond to this "Notice" within the prescribed time limit for reponlle and there has likewise been no request for extension of time with good cause shown therein, then the debt collector agrees that debt collector has submitted a fraudulent claim against respondent, and reespondent can file a law suit for costs, fees, and injuries incurred defending against this fraudulent collection by debt collector regarding the above referenced account.

PAGE 4 of 5

## VERIFICATION AND CERTIFICATION

8.     The undersigned consumer, Jason Giesy_____ does herein
swear, declare, and affirm that this notice for validation of debt
and reservation of rights that the consumer can competently state the
matter set forth herein, that the contents are true, correct, and
complete. This verification and certification is executed this 30th____
day of June2015.

_____
(Signature of Consumer)

### PROOF OF SERVICE

I declare under penalty of perjury under the State of
California that I personally mailed a  "Notice for Validation of
Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages)
to all parties listed below at:

CEO/President: Robert Capps
Central States Recovery
1314 North Main St.

Hutchinson, KS 67501

On this  30th____ day of June 2015_____, I certify this to be true,
correct, and complete.

_____
(Signature of Consumer)

PAGE 5 of 5

# EXHIBIT

# D

WHEN COMPLETED RETURN TO:

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

Respondent's Private NOTICE  Administrative Remedy Demand No. _____

Notice: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the Fair Debt Collection Practices Act, 15 USC §1692g, applicable portions of Truth in Lending (Regulation Z), 12 CFR 226, and demands as cited above in Offer of Performance.  Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1.  Name of Debt Collector: ....................................................................................................................

2.  Address of Debt Collector: ...............................................................................................................

3.  Name of alleged Debtor: ...................................................................................................................

4.  Address of alleged Debtor: ...............................................................................................................

5.  Alleged Account Number: .................................................................................................................

6.  Alleged debt owed: $........................................................................................................................

7.  Date alleged debt became payable: ................................................................................................

8.  Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?
    ..........................................................................................................................................................

9.  Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor? YES  NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?   YES   NO   N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:
    Date: ................................................................  Amount: $.................................................................

12. Did Debt Collector purchase this alleged account from a previous debt collector?   YES   NO   N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:
    Date: ................................................................  Amount: $.................................................................

14. Regarding this alleged account, Debt Collector is currently the:
    (a) Owner; (b) Assignee; (c) Other – explain: .................................................................................
    ..........................................................................................................................................................

15. What are the terms of the transfer of rights re this alleged account? .........................................
    ..........................................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:
    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:...............................................
    ..........................................................................................................................................................

Respondent's Private  NOTICE Administrative Remedy Demand

PAGE 1

17. If the transfer of rights re this alleged account was by assignment, was there consideration?   YES   NO   N/A

18. What is the nature and cause of the consideration cited in # 17 above? ...................................................................
...........................................................................................................................................................................
...........................................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above? .......................................................................
...........................................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in # 21 above? ...................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in # 23 was provided alleged Debtor: ...............................................................

25. Was said verification cited above in # 23 in the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in # 23 was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ...............................................

29. Was alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in # 29? .......................................................
...........................................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in # 31? .................................
...........................................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?   YES   NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?
...........................................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?
...........................................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

Respondent's Private  NOTICE  Administrative Remedy Demand

PAGE  2

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account? YES NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account? YES NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account? YES NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract? YES NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract? YES NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument? YES NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite verification validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

Declaration: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____
Date

_____
Official Title of Signatory

_____
Printed name of Signatory

_____
Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement. Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite verification, made in accordance with law and codified in the Fair Debt Collection Practices Act at 15 USC §1692 et seq., and which states in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "the false representation of the character, or legal status of any debt," and "the threat to take any action that cannot legally be taken," all of which are violations of law. If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent. Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.



Jason Guesy 237-02-031
Federal Corrections Institute Q
Post Office Box 3850
Adelanto CA 92301

* Legal Mail *

CV

COW

CLERK, U.S. DISTRICT COURT
AUG 26 2015
CENTRAL DISTRICT OF CALIFORNIA

United States Courthouse
Office of the Clerk
U.S. Courthouse, room 6B
Los Angeles, CA 90012

